**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4213**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARKEISHA LASHAYA LILLY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00381-CCE-1)

Submitted: August 8, 2019                    Decided: August 21, 2019

Before RICHARDSON and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darkeisha Lashaya Lilly appeals her 15-month revocation sentence. She argues that this upward variant sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). We apply the same general considerations used in evaluating original criminal sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (internal quotation marks omitted). Only when we conclude that the revocation sentence is unreasonable will we consider whether the sentence "is plainly so." *Id.* at 208 (internal quotation marks omitted). Plain in this context means clear or obvious. *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006).

"[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted). In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust." U.S. Sentencing Guidelines Manual, ch. 7, pt. A(3)(b) (2018). While the court also must consider certain factors enumerated under 18 U.S.C. § 3553(a) (2012),

2

18 U.S.C. § 3853(e) (2012), which governs supervised release revocation proceedings, excludes consideration of "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e). We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not" require reversal "when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Initially, we reject Lilly's argument that the district court impermissibly relied on the need to promote respect for the law. This factor, at least under the circumstances presented in this case, is intertwined with the primary factor the court must consider when crafting a revocation sentence—the defendant's breach of trust. We further conclude that the court's consideration of mitigating factors does not automatically render the upward variant sentence substantively unreasonable. Indeed, the court was obligated to address the mitigating factors identified by Lilly and her counsel. *See United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

Thus, the primary question in this case is whether Lilly's violations of the conditions of her supervised release were a sufficient justification for the upward variance the district court imposed, even considering the mitigating factors mentioned by the court. *See Slappy*, 872 F.3d at 207. The court recognized that Lilly was juggling many responsibilities and

3

was taking positive steps toward creating stability in her life. But countering those mitigating factors were Lilly's multiple violations of her conditions of supervised release. The court found that Lilly barely reported to the probation office, made excuses, often placed blame elsewhere, and moved to another district without permission. Although Lilly did not repeat the criminal activity that led to her first revocation sentence or engage in behavior that would be classified as a Grade A or B violation, her Grade C violations could reasonably be considered egregious enough to warrant an upward variance from the policy statement range. Under our deferential standard of review, we cannot conclude that Lilly's revocation sentence is plainly substantively unreasonable.

Accordingly, we affirm the district court's judgment. We deny Lilly's motion to expedite as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*